IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, #R-16056, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00945-NJR |
| | ) |
| LEON KERR and | ) |
| MARK LAHR, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Andrew Lamon, an inmate currently incarcerated at Western Illinois Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his constitutional rights while he was incarcerated at Big Muddy River Correctional Center. (Doc. 1).

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### The Complaint

The events giving rise to this complaint occurred in May 2012 while Plaintiff was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Doc. 1, p. 13. At that time, Plaintiff was a witness in a pending lawsuit against employees of the Illinois Department of Corrections. *Id*. Plaintiff alleges that Defendants Kerr and Lahr, in an effort to retaliate against Plaintiff for his involvement in the lawsuit, arranged to have Plaintiff transferred to Shawnee Correctional Center ("Shawnee"), a higher security correctional facility, by altering a document and forging the signature of their supervisor, Sandra Funk, transfer coordinator for the Illinois Department of Corrections. *Id*. at 13-14.

According to the complaint, documentation attached it, and a review of related cases, Plaintiff originally filed a lawsuit in 2013 and raised his claim of retaliatory transfer against Harold Schuler, an internal affairs officer. *See Lamon v. Schuler*, Case No. 13-1129-JPG-PMF. That case was severed[1] and later consolidated with another case (*Lamon v. Stephens*, Case No. 14-1051-JPG-PMF) in which Plaintiff raised claims related to the same alleged retaliatory transfer, as well as subsequent attempts to cover-up the retaliation. Harold Schuler and Sandra Funk, the transfer coordinator, are the only two remaining defendants in that consolidated action.

In May 2015, while conducting discovery on the consolidated cases, Plaintiff learned that

---

[1] Upon threshold review, the Court severed one of Plaintiff Lamon's claims regarding deliberate indifference to a serious medical need into a separate case. *See Lamon v. David*, Case No. 13-1247-JPG-PMF.

Sandra Funk had not authorized or signed the transfer documents from May 2012. (Present case, Doc. 1, p. 14). Based on Funk's sworn testimony in the consolidated cases, Plaintiff contends that Defendants Kerr and Lahr altered the transfer documents in order to force Plaintiff into a higher security facility than he otherwise would have been sent. *Id*.

Plaintiff has not attempted to amend his complaint in the consolidated action to add Defendants Kerr and Lahr as defendants in that case. Instead, he filed the present complaint. He seeks nominal and punitive damages.

## Analysis

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable retaliation claim against Defendants Kerr and Lahr.

Plaintiff claims that he was transferred in retaliation for participating in a lawsuit against employees of the Illinois Department of Corrections, in violation of his rights under the First Amendment. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer);

*Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (retaliation for filing suit).

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted). In this case, Plaintiff alleges that Defendants Kerr and Lahr arranged to have Plaintiff transferred to higher security correctional facility because of his involvement with a lawsuit. Even if the transfer was not unconstitutional, if it was undertaken in retaliation for the exercise of a constitutionally protected right, then it is actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987). Whether Plaintiff was transferred to Shawnee due to his litigation activities is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendants Kerr and Lahr at this time.

### Intradistrict Transfer

The United States Court of Appeals for the Seventh Circuit has recognized that related cases filed within the same district court should be handled by a single district judge. *See, e.g., Smith v. Check-n-Go of Illinois*, 200 F.3d 511, 513 n.1 (7th Cir. 1999). Because this action and *Lamon v. Schuler*, Case No. 13-1129-JPG-PMF, are so intertwined, the undersigned judge will transfer this case to District Judge J. Phil Gilbert, and Magistrate Judge Philip M. Frazier will be assigned pursuant to Local Rule 72.1(a)(2). Counsel shall style all further pleadings with the case number 15-cv-945-JPG-PMF.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his retaliation claim against Defendants **KERR** and **LAHR**.

The Clerk of Court shall prepare for Defendants **KERR** and **LAHR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (including the exhibits at Doc. 6), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 21, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**